IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY GENE DAVIS, § | | |
| TDCJ #1537772, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-2515 |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent.[1] § | | |

## ORDER TO TRANSFER

The petitioner, Billy Gene Davis (TDCJ #1537772, former TDCJ #424880), is a state prisoner incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Davis seeks a writ of habeas corpus to challenge a state court conviction under 28 U.S.C. § 2254. For reasons set out briefly below, however, the Court concludes that a transfer is warranted.

Davis reports that he is currently incarcerated as the result of a conviction entered against him on October 27, 2008, pursuant to his guilty plea to burglary charges in cause numbers 22784 and 22785. The 6th District Court of Lamar County, Texas, accepted Davis's plea of guilty in each case and sentenced him to five years' imprisonment. Davis, who did not file a direct appeal, remains confined at the Eastham Unit.

---

[1] The petition names a senior warden as the respondent. Because the petitioner is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division, the Court substitutes Director Rick Thaler as the proper respondent pursuant to Rule 2(a) of Rules Governing Section 2254 Cases in the United States District Courts.

Because the petitioner is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is determined by either the place of conviction or the place of confinement, as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Thus, the Fifth Circuit has emphasized that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of only two places: (1) the district in which the state court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

Houston, Texas, where this Court is located, is in Harris County. *See* 28 U.S.C. § 124(b)(2). Lamar County, where the challenged state court conviction was entered, is located in the Eastern District of Texas, Sherman Division. *See* 28 U.S.C. § 124(c)(3). The Eastham Unit, where the petitioner is presently confined, is located in Houston County, which is in the Eastern District of Texas, Lufkin Division. *See* 28 U.S.C. § 124(c)(6). Thus, the petition was not properly filed here. *See Wadsworth*, 235 F.3d at 962.

The federal habeas corpus statutes provide that a district court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). It is policy in the Southern District of Texas

to transfer habeas corpus petitions filed by state prisoners to the division in which the petitioner's underlying conviction was entered. *See* General Order of May 30, 1985 (dictating that challenges to the conviction go to the division within the district where the conviction was entered); *see also Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (concluding that the division of conviction, where witnesses were located, was a more appropriate venue than the division of confinement in challenge to conviction). Because the state court conviction at issue in this case was entered in the Eastern District of Texas, Sherman Division, the petition will be transferred to that venue in compliance with Southern District policy.

Accordingly, based on the foregoing, the Clerk of Court is **ORDERED** to **TRANSFER** this habeas corpus proceeding to the United States District Court for the Eastern District of Texas, Sherman Division.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on July 15, 2011.

_____
Nancy F. Atlas
United States District Judge